HERGET, Judge.
This is a suit wherein Plaintiff is seeking workmen’s compensation for total disability because of alleged injuries sustained on November 18, 1958 incapacitating him while in the employ of J. W. Smith, Jr., a logging contractor. Subsequent to the accident Plaintiff was paid compensation for a period of 113 weeks at the maximum rate of $35 per week by Defendant or his alleged insurer. Upon discontinuance of the payment of compensation benefits this suit was instituted wherein Plaintiff seeks to recover unpaid compensation and his medical expenses, plus penalties and attorney fees.
Without question the record reflects Plaintiff was engaged in an hazardous employment with Defendant on the date of the alleged accident and that Plaintiff sustained injuries which removed him from *65 future performance of the duties he was engaged in on the date of his accident.
Defendant, in his answer, admitted the accident; that Plaintiff was injured as a result thereof; that the business in which Defendant was engaged was hazardous and-that Plaintiff’s employment was hazardous, but denied the accident sustained by Plaintiff while engaged in his activities with Defendant was the causation of his disability, maintaining the injury had been received by Plaintiff when on a fishing expedition. Defendant further denied Plaintiff was entitled to the maximum compensation rate of $35 per week.
In a supplemental answer Defendant interposed the defense Plaintiff deliberately failed to utilize a safety mechanism provided by the employer for Plaintiff’s protection, in consequence of which Plaintiff assumed the risk and Defendant was absolved from liability.
Following a trial of the suit, the learned Trial Judge rendered judgment in favor of Plaintiff against Defendant awarding Plaintiff workmen’s compensation not exceeding 400 weeks at the rate of $35 per week, subject to a credit of $3,955 representing payment of such benefits for 113 weeks from November 18, 1958 through January 20, 1961. Plaintiff was further awarded judgment for medical expenses in the total sum of $1,251.90 with the stipulation that the judgment bear interest at the rate of 5% from January 20, 1961 until paid. Judgment was further rendered in favor of Plaintiff for an additional sum of 12% on past due payments as penalty, plus attorney fees which were fixed at $500.
From the judgment defendant, J. W. Smith, Jr., appealed. Plaintiff answered the appeal seeking an increase in the award of attorney fees from $500 to $2,-500.
Though a separate suit was filed by J. W. Smith, Jr., against Key Life Insurance Company in which it was maintained defendant therein was answerable for the judgment in favor of Lee against Smith, and though the record in this Court reveals the two suits were allegedly consolidated, an examination of the records do not disclose a judgment was rendered in the suit of J. W. Smith, Jr. v. Key Life Insurance Company, nor was there any appeal taken therein; nonetheless, in the suit of Metz Lee v. J. W. Smith, Jr., by way of third party petition Defendant impleaded Key Life Insurance Company and, accordingly, on this appeal this controversy will likewise be disposed of.
In resolving the issues presented in the suit of Lee v. Smith, there appears to be only two questions with which we are confronted. (1) The rate of compensation to be paid Lee, and (2) the failure of Lee to use safeguards allegedly provided for his protection, in consequence of which the injuries for which he seeks recovery resulted. As to the rate of compensation Mr. Lee is entitled to, the evidence without contradiction reveals he was paid $9 per day. Accordingly, utilizing the formula set forth in Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399, the remunerative award for the deprivation of Plaintiff’s ability to continue the performance of the duties for which he was employed is 65% of his weekly wage of $54 not to exceed $35 per week. Accordingly, $35 is the weekly rate of compensation to which he is entitled.
The evidence reveals Lee, while engaged in the activity of unloading logs at Defendant’s sawmill within the course and scope of his employment, unmistakably sustained serious disabling injuries. The evidence further reflects Plaintiff, accompanied by a fellow-employee, Eldon Sibley, arrived at the mill yard of Defendant at approximately 5 :30 p. m. and upon reaching the destination Sibley repaired to another location on the lot to obtain what is *66 referred to as- a “fork lift” to remove the logs from the truck. On this occasion there were some fifteen or sixteen logs on the truck. Sibley had procured the fork lift to facilitate the unloading and was returning to the truck when Plaintiff released the chain securing the logs; whereupon, several logs rolled off the truck onto him, seriously injuring him.
Defendant maintains the truck drivers were instructed not to unload their trucks unless and until the fork lift was in place, thereby eliminating the possibility of such an accident occurring as did occur to Plaintiff. Despite this alleged admonition, the evidence reveals the drivers of the trucks, especially upon arriving at the lot, resorted to their own devices in unloading the logs and with the knowledge of the employer released the log chains holding in place the logs, thereby permitting the logs to roll unrestricted from the trucks.
From an examination of the evidence, although the fork lift was made available by the Defendant for the use of employees in unloading the logs from the trucks, it appears to us the fork lift was apparently not for the purpose of providing safety for the employees but to facilitate the master’s business. We, therefore, are of the opinion the detense — allegedly predicated upon LSA — R.S. 23:1081 Sub-Part D. Defenses, “(3) by the injured employee’s deliberate failure to use an adequate guard or protection against accident provided for him * * * ” — is not supported by the. evidence and accordingly is unavailable to Defendant.
Though we have denied reliance upon the defense of the failure of Plaintiff to use the proper safeguards provided by Defendant, we are of the opinion the issue raised is of such serious import Plaintiff is not entitled to penalties or attorney fees for the arbitrary failure of Defendant to pay compensation.
For these reasons judgment is rendered in favor of plaintiff, Metz Lee, against defendant, J. W. Smith, Jr., for workmen’s compensation as for total disability throughout the period of such disability, not to exceed 400 weeks at $35 per week from November 18, 1958, with legal interest on the unpaid installments from date same become due until paid, subject to a credit of $3,955 representing payments from November 18, 1958 through January 20, 1961; and likewise judgment is rendered in favor of Plaintiff against Defendant for medical expenses in the total sum of $1,251.90 with interest at the rate of 5% per annum from January 20, 1961 until paid. The judgment is reversed insofar as same was in favor of Plaintiff against Defendant for penalties and attorney fees.
Insofar as the third party demands of J. W. Smith, Jr., against Key Life Insurance Company is concerned, the evidence unquestionably reveals the policy issued by Key Life was not one of workmen’s compensation insurance and the policy on which recovery was sought lapsed for failure on the part of Mr. Smith to timely pay the premium, in consequence of which the policy was not in force and effect on the date of the accident. Accordingly, the judgment of the Trial Court dismissing the demand of J. W. Smith, Jr., third party plaintiff, against third party defendant, Key Life Insurance Company, at the cost of J. W. Smith, Jr., is sustained.
Affirmed in part, reversed in part, and rendered.